UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 APR 29 AM 11:42
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

ERICA BOUCHER
Plaintiff.

Case No.:

-v-

6:11 cv717-ORL-18DAB

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; LEXISNEXIS RISK DATA
RETRIEVAL SERVICES LLC; CAPITAL ONE
BANK; CHASE BANK; PORTFOLIO
RECOVERY ASSOCIATES; RIVERWALK
HOLDINGS; LTD.; ACS EDUCATION SERVICES,
INC.; VERIZON WIRELESS; and VW CREDIT INC;
   Defendants.

## COMPLAINT

Plaintiff, ERICA BOUCHER, hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC; CAPITAL ONE BANK; CHASE BANK, PORTFOLIO RECOVERY ASSOCIATES; RIVERWALK HOLDINGS, LTD.; ACS EDUCATION SERVICES, INC.; VERIZON WIRELESS; and VW CREDIT INC; and alleges:

### PRELIMINARY STATEMENT

1. This is an action brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI); and for damages for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227 *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k, Fla. Stat. §559.77, and 47 U.S.C. §227(a)3 & (a)5.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, ERICA BOUCHER, is a natural person and is a resident of the State of Florida.

6. Defendant, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), is a Georgia limited liability company, authorized to do business in Florida.

7. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is an Ohio corporation, authorized to do business in Florida.

8. Defendant, TRANS UNION LLC ("Trans Union"), is a Delaware limited liability company, authorized to do business in Florida.

9. Defendant, LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC ("LexisNexis"), is a Georgia LLC, authorized to do business in Florida.

10. Defendant, CAPITAL ONE BANK ("Capital One"), is an unknown entity.

11. Defendant, CHASE BANK ("Chase"), is an unknown entity.

12. Defendant, PORTFOLIO RECOVERY ASSOCIATES ("Portfolio"), is an unknown entity, not authorized to do business in Florida.

13. Defendant, RIVERWALK HOLDINGS, LTD. ("Riverwalk") is a Texas limited partnership, authorized to do business in Florida.

14. Defendant, ACS EDUCATION SERVICES, INC. ("ACS"), is a Delaware corporation, authorized to do business in Florida.

15. Defendant, VERIZON WIRELESS ("Verizon"), is an unknown entity.

16. Defendant, VW CREDIT ("VW"), is an unknown entity.

17. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

18. Plaintiff sent dispute letters regarding inaccuracies on her credit report to Equifax on September 20, 2010 and February 16, 2011. The details of Plaintiff's disputes are outlined in those letters.

19. Despite those letters, Equifax has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the following items: "Bankruptcy 0213171", "Capital One 4115079196l4XXXX", "Portfolio Recovery Assoc CHASE-8581800000XXXX", "Verizon Wireless/Southeast 9213169970XXXX", and "V.W. Credit 84027XXXX".

20. Equifax failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to

provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of her ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding her report.

21. Plaintiff sent dispute letters to Experian regarding inaccuracies on her credit report on September 20, 2010 and February 16, 2011. The details of Plaintiff's disputes are outlined in those letters.

22. Despite those letters, Experian has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the following items: "Capital One Bank USA NA 4115079196140865", "Chase Bank/One Card Serv 4185818000009559", "Chase Bank/One Card Serv 5416578001327099", "Direct Loan Svc System 5914626193", "Portfolio Recovery Assoc 4185818000009559", "Verizon Wireless/Southeast 92131699700001", and "VW Credit 840273801".

23. Experian provided Plaintiff's consumer report to Portfolio Recovery Assoc on May 20, 2010, among others, without verifying that that entity had a permissible purpose to obtain it.

24. Experian failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in her file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of her ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding her report.

25. Plaintiff sent dispute letters regarding inaccuracies on her credit report to Trans Union on September 20, 2010 and February 16, 2011. The details of Plaintiff's disputes are outlined in those letters.

26. Despite those letters, Trans Union has refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the following items: "US Bkpt Ct FL Orlando 0213171ABB", "Capital One 4115079196l4", "Chase Bank 418581800000", "Chase Bank 541657800132", "Portfolio Recovery Associates 418581800000", "Verizon Wireless 9213169970", "Volkswagen Credit Inc 84027".

27. Trans Union failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in her file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of her ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding her report.

28. LexisNexis failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in her file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of her ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding her report.

29. LexisNexis has reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

30. LexisNexis did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

31. LexisNexis has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

32. The false information pertains to a bankruptcy. Plaintiff called LexisNexis on March 1, 2011 and demanded that LexisNexis correct the inaccurate information. LexisNexis refused to do so.

33. Capital One has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

34. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

35. Capital One did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

36. Capital One has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

37. Chase has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

38. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

39. Chase did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

40. Chase has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

41. Upon belief and information, Chase transferred the account to Portfolio for collection on the alleged debt without disclosing that the debt was disputed. Portfolio later became aware that the debt was disputed.

42. Upon belief and information, Chase transferred the account to Riverwalk for collection on the alleged debt without disclosing that the debt was disputed. Riverwalk later became aware that the debt was disputed.

43. On or about May 7, 2010 Portfolio sent Plaintiff a letter attempting to collect on the alleged debt. In the letter, entitled "Account Selected for Legal Review", Portfolio threatened to start intense collection actions, including "legal action, judgment, wage garnishments, and property liens."

44. On or about June 8, 2010 Portfolio sent Plaintiff a letter attempting to collect on the alleged debt. In the letter, entitled "SECOND NOTICE: Account Selected for Legal Review", Portfolio threatened to start intense collection actions, including "legal action, judgment, wage garnishments, and property liens."

45. Plaintiff sent a letter to Portfolio demanding validation of the alleged debt.

46. On or about October 14, 2010 Portfolio sent Plaintiff a letter. It did not validate the alleged debt.

47. On numerous occasions, Portfolio has called Plaintiff's cell phone in an attempt to collect the alleged debt.

48. Portfolio has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

49. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

50. Portfolio did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

51. Portfolio has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

52. Riverwalk has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

53. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

54. Riverwalk did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

55. Riverwalk has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

56. ACS has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

57. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

58. ACS did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

59. ACS has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

60. Verizon has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

61. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

62. Verizon did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

63. Verizon has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

64. VW has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, and Trans Union, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

65. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

66. VW did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

67. VW has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

68. Plaintiff contends that the illegal actions of the Defendants have harmed the Plaintiff, resulting in a reduction of her credit score, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS EQUIFAX, EXPERIAN, TRANS UNION, LEXISNEXIS, CAPITAL ONE, CHASE, PORTFOLIO, RIVERWALK, ACS, VERIZON, AND VW

69. Paragraphs 1 through 69 are realleged as though fully set forth herein.

70. Plaintiff is a consumer within the meaning of §1681a(c).

71. Equifax, Experian, Trans Union, and LexisNexis are consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

72. Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW are furnishers of information within the meaning of §1681s-2.

73. For, at least, two years preceding this suit through the present, Equifax, Experian, Trans Union, and LexisNexis have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of numerous delinquent tradelines and inquiries.

74. Equifax, Experian, Trans Union, and LexisNexis reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information.

75. §1618(n) provides for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by FCRA.

76. §1681e(b) provides:
"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

77. §1681i(a) provides:
"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

      78. §1681i(b) provides:
"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

      79. §1681i(c) provides:
"Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

      80. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
    (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
    (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

      81. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
    (A) conduct an investigation with respect to the disputed information;
    (B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
    (C) report the results of the investigation to the consumer reporting agency;
    (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

      82. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

83. Equifax, Experian, Trans Union, and LexisNexis violated the FCRA. Defendants' violations include, but are not limited to, the following:

    a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;

    b) failing to provide all of the information on file, in violation of §1681(g);

    c) failing to provide trained personnel to explain to Plaintiff the information in her file, in violation of §1681(h)(c);

    d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

    e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);

    f) failing to properly advise Plaintiff of her ability to make a consumer explanation;

    g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;

    h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor;

    i) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;

    j) failing to properly reinvestigate Plaintiff's disputes; and by

    k) concealing from or misrepresenting facts to Plaintiff regarding her report.

84. Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated the FCRA. Defendants' violations include, but are not limited to, the following:

    (a) Portfolio willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

    (b) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Equifax, Experian, Trans Union, LexisNexis, Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW for actual or statutory damages, and punitive damages, attorney's fees and court costs, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

**COUNT II**
**VIOLATION OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692**
**BY DEFENDANTS CAPITAL ONE, CHASE, PORTFOLIO,**
**RIVERWALK, ACS, VERIZON, AND VW**

85. Paragraphs 1 through 69 are realleged as though fully set forth herein.

86. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

87. Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

88. Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated the FDCPA. Defendants' violations include, but are not limited to, the following:
   (a) Portfolio violated 15 U.S.C. §1692d(5) by causing the phone to ring or engaging any person in telephone conversations repeatedly.
   (b) Portfolio violated 15 U.S.C. §1692d(6) by placing telephone calls without disclosing his/her identity.
   (c) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.
   (d) Portfolio violated 15 U.S.C. §1692e(4) by stating that nonpayment of any debt would result in garnishment.
   (e) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated 15 U.S.C. §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.
   (f) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
   (g) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
   (h) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated 15 U.S.C. §1692e(11) by failing to warn that it was a debt collector.
   (i) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
   (j) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT III
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS CAPITAL ONE, CHASE, PORTFOLIO, RIVERWALK, ACS, VERIZON, AND VW

89. Paragraphs 1 through 69 are realleged as though fully set forth herein.

90. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

91. Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW are debt collectors within the meaning of the FCCPA, Fla. Stat. §559.55(6).

92. Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated the FCCPA. Defendants' violations include, but are not limited to, the following:
   (a) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated Fla. Stat. §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
   (b) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
   (c) Portfolio violated Fla. Stat. §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.
   (d) Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.
   (e) Portfolio violated Fla. Stat. §559.72(15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

WHEREFORE, Plaintiff demands judgment for damages against Capital One, Chase, Portfolio, Riverwalk, ACS, Verizon, and VW for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT IV
## VIOLATION OF TELEPHONE CONSUMER
## PROTECTION ACT (TCPA), 47 U.S.C. §227
## BY DEFENDANT PORTFOLIO

93. Paragraphs 1 through 69 are realleged as though fully set forth herein.

94. Plaintiff's cell phone number has been listed with the National Do Not Call Registry since October 30, 2008.

95. Portfolio willfully or knowingly violated the TCPA. Defendants' violations include, but are not limited to, the following:
   (a) Portfolio willfully or knowingly violated 47 U.S.C. §227(b)(1)(A)(iii) making any call using any automated telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.
   (b) Portfolio willfully or knowingly violated 47 U.S.C. §227(c)(3)(F) by making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database.

WHEREFORE, Plaintiff demands judgment for damages against Portfolio for actual or statutory damages, and attorney's fees and costs, pursuant to 47 U.S.C. §227(b)3 & (c)5.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: April 29, 2011

Respectfully submitted,

*Erica Boucher*

Erica Boucher
3080 Nicholson Drive
Winter Park, FL 32792
407-383-4196